UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                              )
NAYQUAN GADSON,               )
                              )
          Petitioner,         )
                              )
     v.                       )      C.A. No. 15-298 S
                              )
DIRECTOR WALL,                )
                              )
          Respondent.         )
                              )
_____)
```

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Petitioner's Reply and Motion to Hold in Abeyance Presently Pending Habeas Corpus Petition ("Motion"). (ECF No. 8.)  Petitioner filed an identical document (ECF No. 7) as a response to Respondent's Motion to Dismiss Petition under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody ("Motion to Dismiss").  (ECF No. 4.)  For the reasons that follow, this Court DENIES Petitioner's Motion and orders Petitioner to respond to the merits of Respondent's Motion to Dismiss within 30 days of this Order.

I.   Background

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) ("Petition") on July 17, 2015.  (ECF No. 1.)  On August 11, 2015, the Court ordered Respondent to respond

to the Petition, and on September 11, 2015, Respondent filed his Motion to Dismiss.  (ECF No. 4.)  In his Motion, Respondent argues that Grounds One and Three of the Petition are procedurally barred under Rhode Island's raise or waive rule,[1] and that the Grounds Two and Four are meritless.

On November 12, 2015, in response to Respondent's Motion to Dismiss, Petitioner filed his Motion.  (ECF Nos. 7 and 8.)  In the Motion, Petitioner "perceives that the State will claim a defense of unexhausted claims by the petitioner because the State asserts that the petitioner has waived any right to raise certain claims." (Pet'r's Mot. 1, ECF No. 8.)[2]  In response to the perceived defense, Petitioner requests that the Petition be held in abeyance for one year so that he may "return to the Rhode Island State Courts in order to properly address any and all claims not yet so addressed." (Id. at 2.)  Petitioner also seeks "to invoke his right to amend said presently pending habeas corpus petition."  (Id.)

---

[1] The Rhode Island raise or waive rule provides that "no issues may be raised on appeal unless such issues were presented to the trial court in such a posture as to alert the trial justice to the question being raised." Pollard v. Acer Group, 870 A.2d 429, 433 (R.I. 2005).

[2] It appears Petitioner has misinterpreted Respondent's waiver arguments, as there is nothing in Respondent's Motion to indicate that he will raise a defense of unexhausted claims.

II.  Discussion

Generally, a district court has "authority to issue stays where such a stay would be a proper exercise of discretion." <u>Rhines v. Weber</u>, 544 U.S. 269, 276 (2005) (internal citation omitted). However, the United States Supreme Court has held that district courts should only exercise this authority in limited circumstances.  <u>Id.</u> at 277.  "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  <u>Id.</u>

As an initial matter, it is not clear that Petitioner has actually failed to exhaust his state remedies; as noted above, it appears Petitioner may have confused Respondent's waiver argument with an exhaustion argument.  <u>See</u> <u>supra</u>, note 2.  In any event, even assuming, <u>arguendo</u>, that Petitioner did not exhaust all of his state claims, his motion nonetheless fails because he does not address which claims have yet to be exhausted, or provide a reason as to why he did not exhaust his state court remedies, merely stating that some claims were "brought before this Honorable Court in error." (Pet'r's Mot. 3, ECF No. 8.)  Accordingly, the Court finds that Petitioner has not demonstrated good cause for his request for an abeyance.

With regard to Petitioner's request to amend his Petition, a habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242 (2012); see also Mayle v. Felix, 545 U.S. 644, 654 (2005). Accordingly, the Court looks to Rule 15 of the Federal Rules of Civil Procedure, which allows for an amendment of a pleading "as a matter of course," or if that time period has expired, with the consent of the opposing party, or by leave of the court "where justice so requires". Fed. R. Civ. P. 15(a). None of those circumstances are present here. The twenty-one day amendment period has expired, the State has not consented to an amended petition, and Petitioner has provided no reason why justice might require the Court to grant leave to amend the Petition. Accordingly, the Court denies Petitioner leave to amend his Petition.

III. Conclusion

For the foregoing reasons, Petitioner's Motion is hereby DENIED. Petitioner is ordered to respond to the merits of Respondent's Motion to Dismiss (ECF No. 4) within 30 days of this Order.

IT IS SO ORDERED.

_William E. Smith_
William E. Smith
Chief Judge
Date:  February 29, 2016

4